# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASHEN TIRADO TAPIA, JAHNIEL FUERTES )<br>ROBLES, ABDIEL RIVERA MEDINA, )<br>)<br>Defendants. )<br>) | Case No. 3:19-cr-0057 |

## ORDER

Before the Court are the motions of Ashen Tirado Tapia ("Tapia") and Jahniel Fuertes Robles ("Robles") to hold their sentencing hearings by video teleconference. (ECF Nos. 78 and 79.) For the reasons stated below, the Court will deny their motions.

On October 17, 2019, the Grand Jury returned an Indictment charging Tapia and Robles with one count each of concealing more than $100,000 in currency in violation of 46 U.S.C. § 70503(a)(3). On December 10, 2019, Robles and Tapia entered pleas of guilty on that charge. Tapia's and Robles's sentencing hearings are currently scheduled for July 9, 2020.

On May 27, 2020, Tapia filed a motion to hold his sentencing hearing by video teleconference. In support of his motion, Tapia appears to assert that his attorney does not believe conducting Tapia's sentencing via videoconference is appropriate and that Tapia is making his motion against his attorney's advice. *See* ECF No. 78 at 1 ("The District Court of Puerto Rico has installed a program via Jabber regarding hearings. While we do not agree and believe this has substantive issues, we have conferred with our client who has given the approval for said course of action.").

On May 29, 2020, Robles filed a motion to hold his sentencing hearing by video teleconference. In support of his motion, Robles asserts that there are "no reasons to postpone the sentencing hearing" and holding the hearing via videoconference "will secure the health of all parties present as [Robles] could stay in MDC Guaynabo and [his attorney]

in his home without exposing themselves to contagion with COVID-19 or exposing others in St. Thomas." *See* ECF No. 79 at 2-3.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) (2020). In relevant part, the CARES Act provides:

> [I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President . . . with respect to [COVID-19] will materially affect the functioning of . . . the Federal courts generally . . . , the chief judge of a district court covered by the finding . . . specifically finds . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference.

*Id.*

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally. On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order finding that felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety.

Neither Tapia nor Robles have provided any reason that their sentencings "cannot be further delayed without serious harm to the interests of justice." *See id.* Accordingly, the Court will deny their requests to hold the sentencing hearings in this matter over video conference. *Cf., e.g.*, *United States v. Collazo*, Crim. No. 2:19-00120, 2020 WL 1905293, at *2 (S.D.W. Va. Apr. 17, 2020) ("[G]iven the applicable sentencing guidelines and the absence of any factors indicating an above-guidelines sentence would be appropriate, the court

*United States v. Tapia, et al.*
Case No. 3:19-cr-0057
Order
Page 3

concludes that delaying sentencing will prejudice defendants because they have already served sentences longer than what is called for under the guidelines.").

    The premises considered, it is hereby

    **ORDERED** that Ashen Tirado Tapia's motion, docketed at ECF Number 78, to hold his sentencing hearing by video teleconference is **DENIED**; and it is further

    **ORDERED** that Jahniel Fuertes Robles's motion, docketed at ECF Number 79, to hold his sentencing hearing by video teleconference is **DENIED**.

**Date:** June 9, 2020                                       */s/ Robert A. Molloy*
                                                                    **ROBERT A. MOLLOY**
                                                                    **District Judge**