# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0057 |
| ) | |
| ASHEN TIRADO TAPIA, JAHNIEL FUERTES ) | |
| ROBLES, ABDIEL RIVERA MEDINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is motion of Ashen Tirado-Tapia ("Tapia") to conduct his sentencing in this matter by video conferencing.

On September 19, 2019, the United States filed a two-count indictment charging Tapia and his codefendants Jahniel Fuertes-Robles ("Robles") and Abdiel Rivera-Medina ("Medina") with concealing more than $100,000.00 in currency and failing to heave their vessel. On December 10, 2019, Tapia, Robles, and Medina each withdrew their previously entered not-guilty pleas and pled guilty to Count I of their respective indictments. Sentencing for each was initially scheduled for April 9, 2020, continued to July 9, 2020, then continued again to August 13, 2020.

Tapia and Robles filed their motions requesting sentencing by video conferencing on May 27, 2020 (ECF No. 78) and May 29, 2020 (ECF No. 79), respectively. The Court then denied both motions by Order entered June 9, 2020, finding that "[n]either Tapia nor Robles have provided any reason that their sentencings 'cannot be further delayed without serious harm to the interests of justice.'" ECF No. 80, at 2 (internal citation omitted). Robles filed a timely motion for reconsideration of the July 9, 2020 Order (ECF No. 82), and subsequently filed another motion requesting the same relief (ECF No. 85). Tapia now joins Robles' motion for reconsideration to permit Tapia to attend his sentencing hearing by video teleconferencing, and requests in the alternative that his sentencing hearing be continued. ECF No. 84.

"A party may file a motion asking the Court to reconsider its order or decision… based on: 1. Intervening change in controlling law; 2. Availability of new evidence, or; 3. The need to correct clear error or prevent manifest injustice." LRCi 7.3; *see* LRCr 1.2 ("In cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply."). Though none of these bases are articulated, in Robles' motion for reconsideration, he appears to assert that new evidence has become available pertinent to his request that his hearing be held via the Court's videoconferencing system, as well as seeking to prevent manifest injustice. Robles specifically argues that "we are facing a second wave of [COVID-19] infections in the United States" and "we are in for 100,000 cases a day and months of this emergency in our Nation." ECF No. 82, at 4. Further, Robles contends that "our airport is the main contagion point of COVID-19 in Puerto Rico," due to arriving flights from "infection hot spots." *Id.* at 2. Thus, travelling to St. Thomas for sentencing would "expos[e] the inmate community in [Robles'] unit" to COVID-19. *Id.* at 3.

In addition to the arguments raised in Robles' motion for reconsideration, with which Tapia has joined, Tapia argues that travel from Puerto Rico to St. Thomas to attend his sentencing in person is complicated by his counsel's "totally unexpected" obligation to supervise the first day of his child's classes, which have recently changed from in-person to via video technology, as well as his counsel's children's and Robles' counsel's respiratory issues, which place them at a higher risk for significant illness if they were exposed to COVID-19. ECF No. 84, at 2. Further, Tapia's mother has traveled from Boston to Puerto Rico in order to be present at her son's sentence and seeks to make arrangements to return to Boston. *Id.*

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with

*United States v. Tapia, et al.*
Case No. 3:19-cr-0057
Order
Page **3** of **5**

counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of these sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June

1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020). Tapia asserts the continued spread of COVID-19 as justification for his sought relief, by way of his joinder with Robles' motion for reconsideration, arguing that "our airport is the main contagion point of COVID-19 in Puerto Rico," due to arriving flights from "infection hot spots." ECF No. 82, at 2. Thus, travelling to St. Thomas for sentencing would "expos[e] the inmate community in [Tapia's] unit" to COVID-19, (*id.* at 3) as well as Tapias' counsel's children, who "have some respiratory issues, aged 9 and 10, asthma and other conditions which merit buterol therapy" (ECF No. 84, at 2).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .'") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once a guilty plea has been entered. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has, as Tapia has in this case, consented to sentencing by video teleconferencing through his counsel (ECF No. 82), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

The premises considered, it is hereby

**ORDERED** that Tapia's motion (ECF No. 84) is **GRANTED**; it is further

*United States v. Tapia, et al.*
Case No. 3:19-cr-0057
Order
Page **5** of **5**

   **ORDERED** that Tapia shall be permitted to attend his August 13, 2020, sentencing by video teleconferencing; and it is further

   **ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** August 7, 2020              */s/ Robert A. Molloy*
                         **ROBERT A. MOLLOY**
                         **District Judge**